**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6092**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COLEMAN LEAKE JOHNSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:00-cr-00026-nkm; 7:06-cv-00624-nkm)

Submitted: April 26, 2007                    Decided: May 3, 2007

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Coleman Leake Johnson, Jr., Appellant Pro Se. Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coleman Leake Johnson, Jr., seeks to appeal the district court's orders dismissing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2000) motion, and denying his subsequent Fed. R. Civ. P. 59(e) motion to alter or amend that ruling.  These orders are not appealable unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  We have independently reviewed the record and conclude that Johnson has not made the requisite showing.  Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Johnson's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255.  United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003).  In order to obtain authorization to

file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Johnson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED